# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

JONATHAN ALVAREZ-VEGA ON
BEHALF OF HIS MINOR, E.A.L.,

Plaintiff,

v.

CUSHMAN & WAKEFIELD
/PROPERTY CONCEPTS
COMMERCIAL et al.,

Defendants.

CIVIL NO. 17-1601 (GAG)

## OPINION AND ORDER

Jonathan Álvarez Vega, on behalf of his minor child, E.A.L., sued Cushman & Wakefield /Property Concepts Commercial (C&CW/PCC), Caribbean Cinemas of Guaynabo Corp., Cinemas Management of Puerto Rico, Inc., and Caribbean Cinema Corporation for violating Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 *et seq.* (2015). (Docket No. 1 ¶1). Plaintiff seeks injunctive and declaratory relief, and attorneys' fees and costs. Id. ¶¶2-3. Presently before the Court is Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket No. 16). The Court ordered Plaintiff to amend the complaint to include the dates when the alleged injury occurred. (Docket No. 19). After reviewing the parties' submissions and pertinent law, the Court **DENIES** Defendants' motion to dismiss.

## I.    Amended Complaint

Before addressing Defendants' motion to dismiss, the Court will address Plaintiff's amended complaint. Rule 12(e) of the Federal Rules of Civil Procedure allows the Court to order Plaintiff to file "a more definite statement." FED. R. CIV. P. 12(e). If Plaintiff disobeys the Court's order, the Court may strike the pleading or issue any other appropriate order. Id. Pursuant to Rule 12(e), the

Court ordered Plaintiff to file an amended complaint specifying the date when the alleged injury occurred. (Docket No. 19). Plaintiff complied with the Court's order and submitted an amended complaint with the relevant date. (Docket No. 20). However, Plaintiff also added factual allegations regarding additional barriers and Caribbean Cinemas' website not included in the original complaint. (Docket No. 20 ¶¶ 11-12). These amendments go beyond the scope of the Court's order. Because Rule 12(e) enables the Court to issue any appropriate order if Plaintiff disobeys, the Court will ignore all the changes except the date of the alleged injury from Plaintiff's amended complaint.

If Plaintiff wishes to amend the complaint and add new allegations, he shall seek the opposing party's written consent or the Court's leave per Federal Rule of Civil Procedure 15. FED. R. CIV. P. 15(a)(2).

## II.    Standard of Review

As courts of limited jurisdiction, federal courts must construe their jurisdictional grants narrowly. Destek Grp. v. State of N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003). Consequently, the party asserting jurisdiction carries the burden of showing the existence of federal jurisdiction. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as . . . depositions and exhibits." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996); Torres v. Bella Vista Hosp., Inc., 523 F. Supp. 2d 123, 132 (D.P.R. 2007). Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6). Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 27 (1st Cir. 1994); Torres, 523 F. Supp. 2d at 132.

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court analyzes the complaint in a two-step process under the current context-based

"plausibility" standard established by the Supreme Court. See FED. R. CIV. P. 12(b)(6), Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011), which discusses Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Id. A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678-79. Second, the Court must then "take the complaint's well-[pleaded (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669 F.3d at 55. Plausible means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels the Court to draw on its judicial experience and common sense. Id. (citing Iqbal, 556 U.S. at 678-79). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Twombly, 550 U.S. at 556.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged —but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

### III.    Factual and Procedural Background

Plaintiff resides in Bayamón and suffers from muscular dystrophy.  (Docket No. 1 ¶¶7-8).  As a result, he relies on a wheelchair for mobility in public spaces.  Id. ¶7.  On October 23, 2016, Plaintiff visited Caribbean Cinemas in Plaza Guaynabo ("Facility").  (Docket No. 20 ¶9).[1]  At the Facility, he encountered numerous barriers, such as the lack of van-accessible parking space; the lack of an adequate access aisle adjacent to a van-accessible parking space for the disabled; the lack of an adequate number of wheelchair spaces in the assembly area; and an inadequate seating arrangement in the assembly area.  (Docket No. 1 ¶9).

Plaintiff also alleges that he is aware of other barriers, despite not encountering them personally.  Id. ¶10.  These barriers concern the dimensions of sales counters, compliance with parking signage, and location of accessible parking spaces.  Id.

Due to these barriers, Plaintiff claims that he was, and continues to be, deterred from visiting the Facility.  Id. ¶11.  He believes he needs the type of goods and services offered at the Facility to enjoy movies at Caribbean Cinemas in Plaza Guaynabo, and will return once these barriers are removed.  Id.  Moreover, Plaintiff believes that Defendants had knowledge of these barriers and enjoy sufficient control and authority to eliminate them, including the financial resources to do so.  Id. ¶12-13.  Their failure to remove these barriers, Plaintiff alleges, suffices to establish Defendants' discriminatory intent.  Id. ¶14.

---

[1] The Court notes that Plaintiff listed the date as October 23, 2017 in paragraph 1, and October 23, 2016 in the ensuing paragraphs.  The Court assumes the correct date is October 23, 2016 because the complaint was filed on May 8, 2017, and, as far as the undersigned is aware, time travel to the future is not yet possible.

IV. **Legal Analysis**

Defendants move to dismiss Plaintiff's complaint under Rule 12(b)(1), claiming that Plaintiff lacks standing to bring the ADA claim, and under Rule 12(b)(6), claiming that Plaintiff failed to plead facts to support a claim entitling him to relief. (Docket No. 16 at 2). The Court **DENIES** Defendants' motion because Plaintiff has alleged sufficient facts to show and actual and imminent injury, as well as a plausible claim for relief under Title III.

A. Standing

As a threshold matter, the Court must determine whether Plaintiff has standing to bring an ADA claim. The party asserting federal jurisdiction has the burden of demonstrating standing. Viqueira, 140 F.3d at 16. Plaintiff must establish three elements for constitutional standing: actual or threatened injury, causal connection between the injury and the challenged conduct, and that a favorable Court decision can redress the injury. McInnis-Misenor v. Me. Med. Ctr., 319 F.3d 63, 67 (1st Cir. 2003).

Defendants allege that Plaintiff has not suffered an injury and faces no threat of future injury, as the second element of standing requires. "'[A] disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA' and 'who is threatened with harm in the future because of existing or imminently threatened noncompliance with the ADA' suffers actual or imminent harm sufficient to confer standing." Disabled Ams. For Equal Access, Inc. v. Ferries Del Caribe, Inc., 405 F.3d 60, 64 (1st Cir. 2005) (citing Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1138 (9th Cir. 2002)). Thus, to show that he has suffered actual or imminent harm, Plaintiff must show that (1) he is currently deterred from patronizing the Facility, (2) because of Defendants' failure to comply with the ADA, and (3) that he will face similar harm in the future because of existing noncompliance. Id; see also Medina-

Rodriguez v. Fernandez Bakery, Inc., 255 F. Supp. 3d 334, 338 (D.P.R. 2017) (citing Disabled Ams. For Equal Access, Inc., 405 F.3d at 64) ("a disabled individual deterred from visiting a public accommodation because of architectural barriers in violation of the ADA has suffered an actual and imminent harm.").

In this case, Plaintiff alleges sufficient facts to confer standing because he is currently deterred from returning to the Facility and is sufficiently likely to face the same barriers in the future. (Docket No. 1 ¶11). In his complaint, Plaintiff states that he went to the Facility on October 23, 2016 and encountered at least four barriers related to his mobility and use and enjoyment of the Facility. (Docket Nos. 1 ¶9, 20 ¶9). These facts establish that he is currently deterred from patronizing the Facility because of Defendants' failure to comply with the ADA. Plaintiff also alleges that he will not be able to return until these barriers are removed, and that to date, Defendants have failed to do so. (Docket No. 1 ¶¶11-12). This fact establishes that he will face a similar injury in the future because of Defendants' existing noncompliance. Therefore, Plaintiff has standing.

B. Sufficiency of Plaintiff's Claim

Congress enacted the ADA in order to prohibit discrimination against people with disabilities and "to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals." Dudley, 333 F.3d at 303 (citing 42 U.S.C. § 12101(a)(8)). Title III of the ADA prevents privately operated public accommodations from denying disabled individuals "full and equal enjoyment of the goods, services, facilities, privileges, advantages" these places offer. Id. at 303-04.

To establish a *prima facie* case under Title III of the ADA, the plaintiff "must demonstrate that (1) he or she has a qualified disability under the ADA, (2) that the defendant operates a place of

public accommodation, and (3) *that the plaintiff was discriminated against as a result of his or her disability*." Medina-Rodriguez, 255 F. Supp. 3d at 341 (emphasis added).

Disability discrimination exists when an entity fails "to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Thus, here Plaintiff must show (1) the existence of barriers, (2) Defendants' failure to remove them, and (3) that removal is readily achievable. "The term 'readily achievable' means easily accomplishable and able to be carried out *without much difficulty or expense*." Id. § 12181 (9). Factors to consider include:

> (A) the nature and cost of the action needed under this chapter;
>
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
>
> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities . . . .

Id. If removal is not readily achievable, discrimination nonetheless occurs if the entity fails "to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." Id. § 12182(b)(2)(A)(v).

Defendants argue that Plaintiff fails to allege sufficient facts to state a plausible claim for relief under Title III. The Court disagrees. Plaintiff has proffered sufficient facts regarding the existence of architectural barriers, Defendants' failure to remove them, and that removing them or providing accommodations through alternative methods is "readily achievable."

Plaintiff lists a handful of barriers he encountered at the Facility, as well as other barriers he knows of. (Docket No. 1 ¶¶9-10). He also alleges that Defendants refuse remove these barriers. Id. ¶12. Moreover, Plaintiff alleges "Defendants have the financial resources to remove these barriers from the Facility (without much difficulty or expense)." Id. ¶12. In the alternative, if removal is not

readily achievable, Plaintiff alleges "Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable." Id. ¶12.

Viewed in isolation, these last two allegations weigh against Plaintiff because they are conclusory. The 12(b)(6) standard obliges the Court to "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Twombly, 550 U.S. 544 (2007). Although the Court does not demand detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678-79. In his complaint, Plaintiff has restated the definition of "readily achievable" and one of the factors the Court considers in a conclusory fashion. Namely, that Defendants can remove these barriers without difficulty or expense because they have the financial resources to do so. Furthermore, Plaintiff has not offered any facts that show Defendants' have the overall financial resources to remove these barriers, or of the difficulty or expense of doing so. He has also failed to proffer any facts to support that, if removal is not readily achievable, then alternative methods are.

Nevertheless, the Court must take the complaint's well-pleaded facts as true and draw all reasonable inferences in Plaintiff's favor. See Schatz, 669 F.3d at 55. This is a "context-specific job that compels the Court to draw on its judicial experience and common sense," including "'facts' susceptible to 'judicial notice.'" Id. (citing Iqbal, 556 U.S. at 678-79). "Nothing about the plausibility standard requires a court to blind itself to what is obvious." Grajales v. Puerto Rico Ports Authority, 682 F.3d 40, 48 (1st Cir. 2012). Here, Plaintiff's well-pleaded facts allege that Caribbean Cinemas, one of the defendants, caused Plaintiff's injuries. It is generally known in Puerto Rico that Caribbean Cinemas is a chain that operates multiple establishments in the region. This fact susceptible to judicial notice suggests it is plausible that Defendants have the financial

resources to remove the barriers. Thus, the well-plead allegations in the complaint as a whole "raise a reasonable expectation that discovery will reveal evidence" of Defendants' financial resources and whether removing the barriers is readily achievable. Twombly, 550 U.S. at 556. This expectation, in turn, makes Plaintiff's claim for relief plausible.

This holding is consistent with the Court's precedent. In Medina-Rodriguez, the plaintiff suffered from a walking disability, and sued a bakery under the ADA. 255 F. Supp. 3d at 337. He alleged that removing barriers (similar to the ones in this case) was readily achievable, but the defendants moved to dismiss because he failed to specify why. Id. The Court agreed that "Medina fails to specify exactly how each of the barriers would be easily removed." Id. at 343. Nevertheless, the Court looked at the alleged barriers and drew on "its judicial experience and common sense". Id. (quoting Torres v. Junta De Gobierno de Servicio de Emergencia, 91 F. Supp. 3d 243, 249 (D.P.R. 2015)). It was plausible, the Court held, "that removing the alleged barriers is readily achievable, including modifying parking lot spaces, adding seating in the food court accessible to persons with disabilities, and adding grab bars and accessible restroom signs." Id. The same is true here.

## V. Conclusion

For the reasons above, Defendants' motion to dismiss at Docket No. 16 is **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico, on this 14th day of November, 2017.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge